UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GERARDO NARVAEZ, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:10-cv-179-M |
| | § | |
| WILSHIRE CREDIT CORPORATION, and | § | |
| U.S. BANK, NATIONAL ASSOCIATION, *as* | § | |
| *Successor Trustee to Bank of America, National* | § | |
| *Association, as Successor by merger to LaSalle* | § | |
| *Bank, N.A., as Trustee for the MLMI Trust* | § | |
| *Series 2006-WMC2,* | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Leave to File First Amended Complaint [Docket Entry # 26]. For the reasons stated below, the Motion is **DENIED**.

### Background

This case involves a dispute between Plaintiff Gerardo Narvaez, Jr. and the current servicer and owner of the mortgage on his house. In January 2006, Plaintiff purchased a home in Dallas, Texas, executing a promissory note and deed of trust. The note was payable to WMC Mortgage Corp., but the deed of trust named as beneficiary Mortgage Electronic Registration Systems, Inc. ("MERS"), as WMC's nominee. In May 2008, the note and deed of trust were assigned to LaSalle Bank, N.A. Eventually, U.S. Bank, N.A., became the owner and holder of the note. The loan is serviced by Wilshire Credit Corporation. Plaintiff defaulted on his loan payments, and it is the circumstances surrounding Plaintiff's default that form the basis of this suit.

On December 30, 2009, Plaintiff filed an Original Petition and Application for Temporary Restraining Order in state court in Dallas County, and on the same day, the court issued a TRO enjoining Defendants from conducting a foreclosure sale or otherwise dispossessing Plaintiff of his interest in his house. In the Original Petition, Plaintiff alleged claims for wrongful foreclosure, breach of contract, negligent misrepresentation, violations of the Real Estate Settlement Practices Act ("RESPA") and the Texas Debt Collection Act ("TDCA"), slander of title, and unreasonable collection efforts. On January 21, 2010, Defendants removed the case to this Court. Defendants moved for summary judgment. Simultaneously with his response to Defendants' motion, Plaintiff moved to amend his pleadings.

## Discussion

The Court denies Plaintiff leave to amend his Complaint because Plaintiff has not shown good cause for not complying with the amendment deadline set in the Court's Scheduling Order.

Rule 15(a) requires that leave to amend a pleading be "freely given when justice so requires." Fed. R. Civ. P. 15(a). However, when a court has entered a scheduling order and the deadline for amendments has expired, the court must first consider whether it should modify the scheduling order under Rule 16(b). *S & W Enters., L.L.C. v. SouthTrust Bank of Ala.*, 315 F.3d 533, 535–36 (5th Cir. 2003); Fed. R. Civ. P. 6(b). Once the court concludes that the scheduling order should be modified, the court can then determine whether the motion for leave to amend should be granted under the standards of Rule 15(a). *Id.*

Under Rule 16(b), the movant has the burden of showing good cause to modify the scheduling order. *Id.* To show good cause, the movant must demonstrate that despite his due diligence, the deadlines in the scheduling order could not reasonably have been met. *Id.* at 535. The Court considers four factors in making its determination: (1) the explanation for the delay,

(2) the importance of the amendment, (3) the potential prejudice of the amendment, and (4) the ability to cure any prejudice with a continuance. *Id.* at 536; *accord Barnes v. Sanchez*, No. 3:07-cv-1184-M, 2010 WL 5027040, at *1 (N.D. Tex. Dec. 2, 2010) (Lynn, J.); *see also Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir. 2005).

Neither party addressed the four factors used to determine whether Plaintiff has shown good cause. Nevertheless, applied to the arguments the parties made, none of the four factors weigh in favor of modifying the Scheduling Order to allow Plaintiff to file an amended complaint.

The first factor the Court considers is Plaintiff's explanation for his delay in seeking to amend his pleadings. Plaintiff argues that the grounds for amendment were unknown to him prior to receiving supplementary discovery from Defendants on October 20, 2010, more than six months after the deadline for amending. Specifically, on October 20, 2010, Plaintiff claims he first received the assignment of Plaintiff's deed of trust, which showed that MERS, as nominee for WMC, assigned the note and deed of trust to LaSalle. Although Plaintiff has long known that the note and deed of trust were assigned to LaSalle, Plaintiff claims that he did not know that it was MERS, rather than WMC, that made the assignment.

Plaintiff now contends that MERS lacked the authority to assign the note and deed of trust, and seeks to amend his pleadings to assert claims based on this new argument. However, not only does the deed of trust clearly state that MERS is the beneficiary of the deed of trust, but the assignment itself is a matter of public record that could have easily been found through a search of Dallas County public records. Furthermore, Plaintiff's proposed "First Amended Original Complaint" contains new factual allegations and causes of action unrelated to MERS's authority to assign the note. Thus, even if Plaintiff's explanation for the delay justified the

additional allegations regarding MERS's assignment, the explanation does nothing to explain Plaintiff's delay in alleging unrelated facts and asserting unrelated causes of action. The Court finds, therefore, that this factor weighs against allowing amendment.

The second factor the Court considers is the importance of the amendment. The information regarding MERS's involvement in the assignment of the note and deed of trust is only referenced in connection with two of Plaintiff's claims—breach of contract and declaratory judgment. The assignment by MERS is not mentioned in connection with the causes of action for violations of the TDCA, unreasonable collection efforts, or negligent representation. Thus, the importance of the amendment is not particularly great. Furthermore, in his Motion for Leave to Amend, Plaintiff merely argues that "[i]n light of the newly discovered evidence, Plaintiff will be prejudiced if not allowed to amend." It is Plaintiff's burden to establish good cause, and Plaintiff has failed to show that the amendment is so important that the Court should construe this factor in Plaintiff's favor. Thus, the Court finds that this factor does not weigh in favor of modifying the Scheduling Order to allow Plaintiff to amend at this time.

The third and fourth factors the Court considers are the potential prejudice of the amendment and the ability to cure any prejudice with a continuance. Significant prejudice to Defendants will be caused by allowing amendment at this time. The dispositive motion deadline has passed, and Defendant's Motion for Summary Judgment has been filed and fully briefed. To allow Plaintiff to add new claims now would likely require Defendants to seek permission to file a second motion for summary judgment, which if permitted and filed would not be fully briefed before the current trial setting of January 24, 2011, and would additionally add considerably to the Court's workload, the Court having already considered Defendants' Motion for Summary Judgment. Furthermore, the parties seem to disagree about whether further discovery would be

needed on Plaintiff's additional claims.[1]  The period for discovery established in the Scheduling Order has passed.

In light of the cost and delay associated with filing a new motion for summary judgment and possibly conducting additional discovery, allowing Plaintiff to amend his pleadings now would cause substantial prejudice.  Furthermore, a continuance of the trial date alone would not cure this prejudice, as new deadlines for dispositive motions and discovery may be needed.  Therefore, the third and fourth factors weigh against granting Plaintiff leave to amend his pleadings.

Because none of the four factors considered by the Court weigh in favor of modifying the Scheduling Order to allow Plaintiff leave to amend, Plaintiff has not met his burden of establishing good cause to do so.  Therefore, Plaintiff's Motion for Leave to Amend is **DENIED**.

**SO ORDERED**.

December 29, 2010.

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**

---

[1] Although Plaintiff contends that his new claims require no additional discovery, Defendants repeatedly point to the passing of the discovery deadline in arguing that they would be prejudiced.