# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| GERARDO NARVAEZ, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:10-cv-179-M |
| | § | |
| WILSHIRE CREDIT CORPORATION, and | § | |
| U.S. BANK, NATIONAL ASSOCIATION, *as* | § | |
| *Successor Trustee to Bank of America, National* | § | |
| *Association, as Successor by merger to LaSalle* | § | |
| *Bank, N.A., as Trustee for the MLMI Trust* | § | |
| *Series 2006-WMC2*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion for Summary Judgment [Docket Entry # 18].

For the reasons stated below, the Motion is **GRANTED** in part and **DENIED** in part.

### Factual[1] and Procedural Background

This case involves a dispute between Plaintiff Gerardo Narvaez, Jr. and the current

servicer and owner of the note and deed of trust on his house. In January 2006, Plaintiff

purchased a home in Dallas, Texas, executing a promissory note and deed of trust. The note was

payable to WMC Mortgage Corp., but the deed of trust named as beneficiary Mortgage

Electronic Registration Systems, Inc. ("MERS"), as WMC's nominee. In May 2008, the note

and deed of trust were assigned to LaSalle Bank, N.A. Through a series of transactions

irrelevant to this Opinion, U.S. Bank, N.A., became the owner and holder of the note. The loan

---

[1] In recounting the factual background, the Court summarizes the evidence in the light most favorable to Plaintiff as the summary judgment nonmovant and draws all reasonable inferences in his favor. *See Owens v. Mercedes-Benz USA, LLC*, 541 F. Supp. 2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.).

is serviced by Wilshire Credit Corporation.

In 2008, Defendants[2] began charging Plaintiff for "force-placed" insurance, which is insurance coverage lenders place on a property when the owner fails to maintain homeowner's insurance. Plaintiff claims he had his own homeowner's insurance policy when he was charged for the force-placed coverage, and that, therefore, he was charged by mistake. Plaintiff further avers that he called Defendants to dispute the force-placed insurance charges, and that Defendants eventually removed some charges, but did not sufficiently credit Plaintiff's account for others. Throughout the period he was being charged for the insurance, Plaintiff made his regular mortgage payments, deducting the amount for the force-placed insurance charges.

In July 2009, Plaintiff fell behind on his loan payments. This was apparently due, at least in part, to a violent attack that occurred at Plaintiff's home on July 1, 2009, during which Plaintiff was attacked and shot at by three armed intruders, two of whom Plaintiff shot and killed before fleeing his home to avoid being shot by others of the assailants. Afraid to return to his home, Plaintiff stayed elsewhere until September 2009, and informed Defendants of a new mailing address. Plaintiff has not been current on his payments since June 2009.

On September 29, 2009, Defendants sent Plaintiff a notice of default and intent to accelerate, stating a balance due of $7,850.11. Plaintiff claims that in September and October of 2009, he had several phone conversations with Defendants' representatives, during which Plaintiff offered to make additional payments to eventually become current on his loan. Plaintiff claims Defendants refused to accept these payments and told Plaintiff his only option was a loan modification. Plaintiff claims he received a loan modification application from Defendants, which he completed and submitted, but never received a response. In October 2009, Plaintiff

---

[2] Plaintiff never made contact with U.S. Bank or LaSalle, but only dealt with the servicer, Wilshire. Consistent with the agency theory alleged by Plaintiff, the Court refers to U.S. Bank and Wilshire collectively as Defendants throughout this Opinion.

sent a payment for less than the amount due, and Defendants returned it. Plaintiff claims that after his payment was returned, he called Defendants and asked for the amount he needed to pay to cure the default, but that Defendants refused to provide that information.

On November 4, 2009, a notice of acceleration of loan maturity and a notice of foreclosure sale was sent to Plaintiff. However, on November 20, 2009, Defendants rescinded the acceleration of the loan so Plaintiff could cure the default. He did not do so. On December 11, 2009, Defendants again sent a notice of acceleration of loan maturity and a notice of foreclosure sale to Plaintiff, but Defendants once again rescinded the acceleration so that Plaintiff would have another opportunity to cure the default. Again, he did not do so.

On December 30, 2009, Plaintiff filed an Original Petition and Application for Temporary Restraining Order in state court in Dallas County, and on the same day, the court issued a TRO enjoining Defendants from conducting a foreclosure sale or otherwise dispossessing Plaintiff of his interest in his house. In the Original Petition, Plaintiff alleged claims for wrongful foreclosure, breach of contract, negligent misrepresentation, violations of the Real Estate Settlement Practices Act ("RESPA") and the Texas Debt Collection Act ("TDCA"), slander of title, and unreasonable collection efforts. Plaintiff sought declaratory judgment, an accounting, and actual and exemplary damages. Plaintiff has since withdrawn his claims for wrongful foreclosure, RESPA violations, and slander of title. On January 21, 2010, Defendants removed the case to this Court. Defendants now seek summary judgment on all Plaintiff's claims.[3]

---

[3] Defendants originally sought summary judgment on Plaintiff's claims and their counterclaims. However, the first document in Defendants' Appendix in Support of Their Motion for Summary Judgment is an unsigned declaration that contains unfilled blanks for the declarant's name as well as for other information. On November 3, 2010, the Court held a telephone conference with the parties and decided to strike the unsigned declaration and the exhibits attached thereto, which together constitute pages 1 through 124 of Defendants' Appendix. However, the Court allowed Defendants to pursue their grounds for summary judgment that did not rely on the stricken declaration or its exhibits. Defendants' arguments for summary judgment on their counterclaims did rely on the stricken materials,

## Legal Standard

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).[4]  If a reasonable jury could return a verdict for the non-moving party, then there is a genuine issue of material fact. *Gates v. Tex. Dep't of Protective & Regulatory Servs.,* 537 F.3d 404, 417 (5th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986); *Lynch Props., Inc. v. Potomac Ins. Co.,* 140 F.3d 622, 625 (5th Cir. 1998).  Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate, by designating specific facts beyond the pleadings that prove the existence of a genuine issue of material fact.  *See* Fed. R. Civ. P. 56(e)(2); *Anderson,* 477 U.S. at 250; *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).  In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that a controversy exists." *Lynch Props.,* 140 F.3d at 625 (citation omitted).

## Discussion

A.      Procedural and Evidentiary Issues

Defendants object to several of the claims addressed by Plaintiff in his Response to

---

and so Defendants dropped their Motion as to those claims for lack of evidentiary support.  Thus, as Plaintiff points out in his Brief in Opposition to Defendants' Motion for Summary Judgment, Defendants' Motion as currently before the Court is only for summary judgment on Plaintiff's claims.

[4] Because Defendants filed their Motion before December 1, 2010, this Opinion's citations to the Federal Rules of Civil Procedure are to the version in force before December 1, 2010, not to the Rules as currently amended.

Defendants' Motion for Summary Judgment.[5]  Simultaneously with his Response, Plaintiff

moved to amend his pleadings, asserting for the first time (1) a claim that Defendants lack

standing to foreclose on Plaintiff's house because MERS lacked the authority to assign the note

to U.S. Bank's predecessor in interest, LaSalle; (2) a claim that Defendants mistakenly charged

Plaintiff for force-placed insurance; (3) a claim under § 392.304(19) of the TDCA; and (4) a

claim for gross negligence.  In his Response, Plaintiff relies on these claims and theories in

arguing that genuine issues of material fact exist.  In a Memorandum Opinion and Order dated

December 28, 2010, the Court denied Plaintiff's Motion for Leave to File His Amended

Complaint, and thus Plaintiff's Original Petition is his only pleading before the Court.

Defendants object to Plaintiff's raising these new claims and theories for the first time in his

Response.

    Although it is well established in the Fifth Circuit that "a claim that is not raised in the

complaint, but, rather, is raised only in response to a motion for summary judgment is not

properly before the Court," *Cutrera v. Bd. of Supervisors*, 429 F.3d 108, 113 (5th Cir. 2005);

*accord Becker v. Nat'l Educ. Training Grp.*, No. 3:01-cv-1187-M, 2002 WL 31255021, at *6

(N.D. Tex. Oct. 7, 2002) (Lynn, J.), the Fifth Circuit has also held that "[t]he formal issues

framed by the pleadings are not determinative on a motion for summary judgment and

evidentiary matter may be developed, showing that the party moved against has presented

genuine issues of material fact."  *Eastland v. Tenn. Valley Auth.*, 553 F.2d 364, 370 (5th Cir.

1977); *see Marsh v. Austin-Fort Worth Coca-Cola Bottling Co.*, 744 F.2d 1077, 1079 n.4 (5th

Cir. 1984) (per curiam) (stating in dicta that "'[t]he formal issues framed by the pleadings are not

---

[5] Plaintiff's Response incorporates by reference the arguments in his Brief in Opposition to Defendants' Motion for Summary Judgment [Docket Entry #28], so the Court simply refers to Plaintiff's Response when referencing arguments made in his Brief.  For similar reasons, the Court's references to Defendants' "Motion" refer to arguments in the Brief in Support of Defendants' Motion for Summary Judgment [Docket Entry #19].

controlling on a motion for summary judgment; the court must consider the issues presented by the other material offered by the parties on the motion to determine whether the Rule 56 request should be granted'" (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2721, at 43 (1983))).[6] Thus, any new claims raised in Plaintiff's Response are not properly before the Court and cannot create a genuine issue of material fact precluding summary judgment. However, evidentiary material that further develops the allegations in Plaintiff's Original Petition is properly before the Court and is considered in determining whether triable issues of fact exist.

Plaintiff's arguments as to gross negligence and § 392.304(19) of the TDCA present new causes of action and are not properly before the Court. Neither of these claims is mentioned in Plaintiff's Original Petition, and neither of them further develops claims that were originally pleaded. Therefore, the Defendants' objection to these claims is **SUSTAINED**, and Plaintiff will not be permitted to pursue these claims, so the Court need not consider them in deciding Defendants' Motion for Summary Judgment.

Similarly, Plaintiff's evidence regarding MERS's authority to assign the note to LaSalle presents a claim not contained in Plaintiff's Original Petition. Plaintiff argues that this evidence establishes his breach of contract claim by demonstrating that U.S. Bank had no standing to foreclose on Plaintiff's house. The breach of contract claim as originally pleaded is premised only on Defendants' allegedly breaching their duty under the deed of trust by failing to inform the Plaintiff of the amount due on the loan, preventing Plaintiff from performing the contract, and voluntarily acting to make his performance of the contractual obligation impossible. The

---

[6] *See also* Wright et al., *supra*, § 2721 (3d. ed. 1998) ("[T]he court will examine the pleadings to ascertain what issues of fact they present and then consider the affidavits, depositions, admissions, answers to interrogatories and similar material to determine whether any of these issues are real and genuine and whether any of the postpleading material suggests the existence of any other triable genuine issues of material fact.").

allegations regarding MERS's assignment do not constitute evidentiary development of any of those bases, and therefore impermissibly raise a new claim for breach of contract. Thus, Defendants' objection to the MERS allegations is **SUSTAINED**. These allegations are not properly before the Court and Plaintiff will not be permitted to pursue such claims, so they need not be considered in deciding Defendants' Motion for Summary Judgment.

Plaintiff's evidence concerning the force-placed insurance charges, however, does not amount to a new claim, but instead develops claims asserted in Plaintiff's Original Petition. In arguing against summary judgment, Plaintiff relies on this evidence to support his claims for violation of the TDCA, negligent representation, and unreasonable collection efforts.[7] In his Original Petition, Plaintiff alleged that "Defendants repeatedly misrepresented and misstated the correct amounts owed on Plaintiff's mortgage account." (Pl.'s Original Pet. 4, ¶ 11, at Notice of Removal Ex. B-1.) Furthermore, Plaintiff alleged that Defendants "misrepresented the amounts allegedly owed by Plaintiff on his mortgage loan, . . . and . . . imposed wrongful charges on Plaintiff's mortgage account" in violation of the TDCA. (Pl.'s Pet. 6, ¶ 23.) The evidence regarding the force-placed insurance charges develops claims in Plaintiff's Original Petition; it does not serve as the basis for new claims brought for the first time in Plaintiff's Response. Therefore, it is properly before the Court, and Defendants' objection to the consideration of that evidence is **OVERRULED**.

In summary, Plaintiff's claims for gross negligence, violation of TDCA § 392.304(19), and breach of contract based on MERS's assignment are not before the Court; however, allegations that Defendants incorrectly charged Plaintiff for force-placed insurance will be considered in determining whether summary judgment is proper on Plaintiff's remaining TDCA

---

[7] Plaintiff also relied on the force-placed insurance evidence to support the gross negligence claim, but the Court has already held that that claim is not before the Court, regardless of the evidence used to support it.

claims, the negligent representation claim, and the unreasonable collection efforts claim.

B.    Summary Judgment Issues

1.    Breach of Contract

The Court first addresses Plaintiff's claim for breach of contract. Plaintiff alleges that Defendants breached their duties under the deed of trust by failing to provide Plaintiff with the correct amount due on his loan and by preventing Plaintiff from performing the contract, thereby making Plaintiff's performance of his obligations impossible.[8]

The elements of a cause of action for breach of contract are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained as a result of the breach. *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Defendants argue that Plaintiff did not perform his obligations under the note because he did not make all required payments, and that Plaintiff has presented no evidence to raise a fact issue that Defendants breached their obligations under the deed of trust or that Plaintiff was damaged by any alleged breach.

Citing the Supreme Court's opinion in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), Plaintiff argues that Defendants have failed to meet their burden of demonstrating that there are no factual issues warranting trial, and that, therefore, Plaintiff is not required to respond with summary judgment proof showing the existence of a genuine issue of material fact. *Celotex* held that a "'movant may meet its Rule 56 burden without negating an element of the non-

---

[8] The Original Petition also asserted violations of the Texas Property Code as a basis for Plaintiff's breach of contract claim, but that claim is mentioned nowhere in Plaintiff's Response. Defendants moved for summary judgment on this claim, which simply alleges that Defendants breached their duty under Texas Property Code § 51.002(b), on no evidence grounds. Section 51.002(b) of the Texas Property Code requires lenders to provide debtors with certain notices regarding foreclosure. In their Motion, Defendants point to notices they sent Plaintiff regarding acceleration and foreclosure, and argue that these notices satisfy the requirements of § 51.002(b). Plaintiff's Response does not mention the Property Code claim or respond to Defendants' no evidence position on it. Plaintiff has failed to show a genuine issue of material fact as to this claim, and summary judgment for Defendants is thus proper.

moving party's claim . . . [by] pointing to materials on file that demonstrate the party bearing the burden of proof at trial will not be able to meet that burden.'" *Lopez v. City of Dallas*, No. 3:03-cv-2223-M, 2006 WL 1450520, at *7 (N.D. Tex. May 24, 2006) (Lynn, J.) (quoting *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991)). "'Simply filing a summary judgment motion does not immediately compel the party opposing the motion to come forward with evidence demonstrating material issues of fact as to every element of its case.'" *Id.* (quoting *Russ v. Int'l Paper Co.*, 943 F.2d 589, 591 (5th Cir. 1991)). "It is not enough for the moving party to merely make a conclusory statement that the other party has no evidence to prove his case." *Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993). "Only after the movant has articulated with references to the record and to the law specific reasons why it believes there is no genuine issue of material fact must the non-movant present evidence sufficient to demonstrate an issue for trial." *Satis Vacuum Indus. Vertiriebs, AG v. Optovision Techs., Inc.*, No. 3:99-cv-2147-M, 2001 WL 1142803, at *11 (N.D. Tex. Sept. 24, 2001) (Lynn, J.) (citing *Celotex*, 477 U.S. at 323; *Ashe*, 992 F.2d at 543).

      Here, Defendants have met their burden of demonstrating the absence of evidence as to Plaintiff's breach of contract claim by pointing to several portions of the record showing that Plaintiff cannot present evidence establishing the second element of his breach of contract claim—namely, that Plaintiff performed his obligations under the contract. Specifically, Defendants point to the loan documents and judicial admissions in the Petition showing that Plaintiff did not make required payments under the note. (Defs.' Br. Supp. Mot. Summ. J. 15, ¶ 32.) Such a showing is sufficient to shift the summary judgment burden to Plaintiff to designate specific facts beyond the pleadings that prove the existence of a genuine issue of material fact.

      Plaintiff has presented no evidence creating a genuine issue of material fact that he

performed or tendered performance under the deed of trust. Plaintiff admits to falling behind on the loan payments and not making all required payments due under the note, and therefore did not perform his obligations under the deed of trust, which required Plaintiff to make payments on the note when due. Plaintiff contends that his nonperformance is excused because Defendants made performance of his obligations impossible by rejecting his attempts to make payments, advising him that his only solution after acceleration was loan modification, and failing to respond to the loan modification application submitted by him. It is well established that a party's nonperformance of a contract will be excused when that party's performance is prevented by the other party. *E.g.*, *Dorsett v. Cross*, 106 S.W.3d 213, 217 (Tex. App.—Houston [1st Dist.] 2003, pet. denied); *Erickson v. Rocco*, 433 S.W.2d 746, 751–52 (Tex. Civ. App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.). Here, however, Plaintiff has repeatedly claimed that the cause for his defaulting on the loan was the violent attack at his home in July 2009 and his abnormal state of mind thereafter. (Narvaez Aff., Nov. 12, 2010, at Pl.'s App. Supp. Br. Opp. Defs.' Mot. Summ. J. 2; Narvaez Dep. 53:19–53:23, Oct. 26, 2010, at Pl's App. 39.) Thus, by Plaintiff's own admission, the performance of his obligations under the deed of trust was not prevented by Defendants, but by circumstances out of their control.

Even if Plaintiff had established that his nonperformance was excused, Plaintiff has not presented any evidence that Defendants breached the deed of trust. In addition to arguing impossibility of performance as an excuse for his nonperformance, which would satisfy the second element of his breach of contract claim, Plaintiff also argues that Defendants breached the contract by making his performance impossible, which would, if proven, satisfy the third element. Under Texas law, when one party's wrongful interference prevents the other party's performance of a contract, not only is the other party's performance excused, but the interfering

party has committed a breach of contract for which the other party may recover damages sustained from the breach. *Longview Const. & Dev., Inc. v. Loggins Const. Co.*, 523 S.W.2d 771, 779 (Tex. Civ. App.—Tyler 1975, writ dism'd by agr.). However, as just stated, Plaintiff's nonperformance was not the result of any action by Defendants, but was instead the result of events completely unrelated to Defendants. Therefore, Defendants did not breach the deed of trust by preventing Plaintiff from performing.

Although mostly focused on the impossibility of Plaintiff's performance, Plaintiff's Response may fairly be read to also argue that by not providing Plaintiff the opportunity to cure his default, Defendants breached express provisions in the deed of trust.[9]  In support of this argument, Plaintiff cites to a page of his sworn affidavit stating that Defendants refused to provide him with the amount due on his loan, returned the payments he attempted to make, told him that loan modification was the only way to cure his default, and never responded to his loan modification application. (Narvaez Aff. 2, at Pl.'s App. 2.) Plaintiff fails to demonstrate how any of these facts, if proven, establish a breach of any provision in the deed of trust.

The one deed of trust provision cited by Plaintiff in support of the breach of contract claim is not on point. Paragraph 22 of the deed of trust lists the information that must appear in a notice the lender is required to send prior to acceleration. (*See* Pl.'s Br. Opp. Defs.' Mot. Summ. J. 9.) According to that provision, the notice must state, among other things, the action required for the borrower to cure the default. (Pl.'s App. 23.) Among the documents produced by Plaintiff in response to requests for production was a "Notice of Default and Intent to Accelerate" dated September 29, 2009. (Defs.' App. 189.) This notice states that Plaintiff's loan

---

[9] The Response states: "The evidence is clear that Plaintiff is excused from performing his contractual obligations pending the consideration of his loan modification and by failing to provide Plaintiff the opportunity to cure the defect, as provided by the Deed of Trust. By doing so, Defendants breached the contract/deed of trust and caused Plaintiff's damages." (Pl.'s Response 10, ¶ 31.)

had been declared in default and demands payment in full of the balance owed, which the notice states is $7,850.11. (*Id.*) Thus, Defendants met their obligation to provide a notice to Plaintiff of the action required to cure the default. Furthermore, the payments Plaintiff submitted were not for the full amount, and Plaintiff has not directed the Court to any provision in the deed of trust requiring Defendants to accept partial payments. Finally, Plaintiff has produced no evidence that Defendants ever agreed to a loan modification or that the deed of trust bound Defendants to respond to Plaintiff's modification application.

Plaintiff has not produced any evidence showing a genuine issue of material fact that Plaintiff performed his obligations under the deed of trust, or that Defendants breached the deed of trust. Therefore, summary judgment is **GRANTED** for Defendants on that claim.

2. Anticipatory Breach of Contract

In addition to alleging breach of contract, Plaintiff alleges anticipatory breach of contract. In Texas, to prevail on a claim for anticipatory breach, a plaintiff must establish each of the following elements: (1) an absolute repudiation of the obligation; (2) a lack of just excuse for the repudiation; and (3) damage to the nonrepudiating party. *Gonzalez v. Denning*, 394 F.3d 388, 394 (5th Cir. 2004) (citing *Taylor Pub. Co. v. Sys. Mktg. Inc.*, 686 S.W.2d 213, 217 (Tex. App.— Dallas 1984, writ ref'd n.r.e)). Defendants maintain that they did not repudiate any obligation, and that Plaintiff can produce no evidence of any of the elements necessary to prove anticipatory breach.

Again, Plaintiff argues that Defendants have failed to carry their burden under *Celotex*. Unlike their arguments regarding Plaintiff's breach of contract claim, Defendants' arguments as to anticipatory breach are not sufficient to shift the burden to Plaintiff. Without referring to any part of the record, Defendants simply makes the following conclusory assertions:

Clearly the lender under the Note (nor its successor and the holder of the Note,

Defendant U.S. Bank) has not repudiated its obligation under the Note, but in fact

made the Loan to Plaintiff for the acquisition of the Property. Plaintiff has

presented no evidence on the elements of its claims for anticipatory breach of

contract . . . .

(Defs.' Br. 16.) Such conclusory statements do not constitute the showing required of summary

judgment movants under *Celotex*, and thus Plaintiff is not required to come forward with

evidence demonstrating genuine issues of material fact. *Ash*, 992 F.2d at 543.

That, however, does not end the Court's inquiry. If the movant does not meet its

summary judgment burden, but challenges only the sufficiency of the nonmovant's allegations,

the motion is evaluated much the same as a 12(b)(6) motion to dismiss. *Ash*, 992 F.2d at 544;

*Satis Vacuum*, 2001 WL 1142803, at *11. In evaluating a motion for summary judgment in this

way, the Court assumes that all of the plaintiff's factual allegations are true and supported by

competent summary judgment evidence, and then determines whether genuine issues of material

fact exist as to any of the elements of the plaintiff's claim. *Ash*, 992 F.2d at 544.

The allegations regarding anticipatory breach are difficult to determine from Plaintiff's

Original Petition. The only mention of that claim is under the heading "Breach of Contract,"

where, after stating allegations concerning the alleged breach of the deed of trust, the Petition

simply states, "The breach of contract . . . [and] the anticipatory breach of the contract . . . as set

forth above were a proximate cause of Plaintiff's damages as set forth below." (Pl.'s Pet. 5, ¶

18.) In his Response Brief, Plaintiff clarifies his allegations concerning anticipatory breach,

alleging that Defendants repudiated an obligation under the deed of trust to reinstate Plaintiff's

loan after acceleration if certain conditions are met. Even assuming the truth of all Plaintiff's

factual allegations on this matter, Defendants are still entitled to summary judgment.

An anticipatory repudiation of a contract may consist of either words or actions by a party to that contract that indicate an intention that he or she is not going to perform the contract according to its terms. *Builders Sand, Inc. v. Turtur*, 678 S.W.2d 115, 120 (Tex. App.—Houston [14th Dist.] 1984, no writ). The declaration of intent to abandon the obligation must be in positive and unconditional terms. *Preston v. Love*, 240 S.W.2d 486, 487 (Tex. Civ. App.—Austin 1951, no writ) (citing *Kilgore v. Nw. Tex. Baptist Educ. Soc.*, 37 S.W. 598, 600 (Tex. 1896)). It is not sufficient if a party makes a genuine mistake or endures a misunderstanding as to matters of fact or law that causes that party not to comply with its obligations. Rather, the party must recognize its duties but refuse to perform them. *Id.*

None of Defendants' words or actions positively and unconditionally demonstrated an intent to abandon their obligations under the deed of trust. Plaintiff cites a provision of the deed of trust that essentially states that Plaintiff may have his loan reinstated after acceleration if he meets certain conditions prior to foreclosure, including paying all amounts due on the note and all of Defendants' expenses incurred in enforcing the deed of trust. (Pl.'s App. 22, ¶ 19.) Plaintiff contends that Defendants repudiated their obligation to reinstate his loan by allegedly telling him in September 2009 that "a loan modification was his only choice," when Plaintiff had a right to loan reinstatement. (Pl.'s Br. 12–13, ¶¶ 34–35.) Plaintiff alleges no facts from which the Court could reasonable infer that Defendants' statement was an express refusal to perform their obligations, rather than a misunderstanding of the facts. Such an interpretation is contrary to the notice of default dated September 29, 2009, which demanded full payment of $7,850.11, the full balance due according to the notice. Thus, even when viewed in the light most favorable to Plaintiff, the facts demonstrate at worst that Defendants gave conflicting messages to Plaintiff

regarding the status of his loan. Such confusion falls short of the positive and unconditional repudiation necessary to maintain a cause of action for anticipatory breach.

Even accepting Plaintiff's factual allegations as true, there is no genuine issue of material fact as to the first element of anticipatory breach. Therefore, summary judgment is **GRANTED** for Defendants on that claim.

3.      TDCA Violation

The Court turns next to Plaintiff's claim for a violation of the TDCA. Defendants challenge this claim on no evidence grounds. Plaintiff responds that Defendants made a misrepresentation as to the amount of his debt, in violation of § 392.304(a)(8) of the TDCA.[10] Specifically, Plaintiff argues that Defendants misrepresented the amount of his debt by improperly charging him for force-placed insurance, and by refusing to disclose the amount due on his account.

Section 392.304(a)(8) states that "in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that misrepresent[s] the character, extent, or amount of a consumer debt." Tex. Fin. Code § 392.304(a)(8) (Vernon 2006). For a statement to constitute a misrepresentation under the TDCA, Defendants must have made a false or misleading assertion. *Reynolds v. Sw. Bell Tel., L.P.*, No. 2-05-356-CV, 2006 WL 1791606, at *7 (Tex. App.—Fort Worth June 29, 2006, pet. denied). A collection notice or balance statement misstating the amount owed on a debt

---

[10] The Original Petition contains allegations that Defendants violated §§ 392.304(a)(8) and (10), and § 392.303(a)(2). But in his Response, Plaintiff only presents arguments concerning § 392.304(a)(8), which prohibits certain misrepresentations made in the course of collecting a debt. Section 392.304(a)(10) prohibits the use of written communications that simulate or are falsely represented as a court or government issued document, while § 392.303(a)(2) prohibits debt collectors from oppressing, harassing, or abusing a person by collecting or attempting to collect incidental and unauthorized fees and interest on a debt. The Petition contains no factual allegations related to these two provisions, other than stating that they were violated. Thus, Plaintiff has not demonstrated the existence of a fact issue as to §§ 392.304(a)(10) or 392.303(a)(2), and Defendants are therefore entitled to summary judgment on those claims.

constitutes a misleading assertion regarding the amount of that debt under the TDCA. *See Baker v. Countrywide Home Loans, Inc.*, 3-08-cv-0916-B, 2009 WL 1810336, at *7 (N.D. Tex. June 24, 2009) (Boyle, J.); *see also Steele v. Green Tree Servicing, LLC*, No. 3:09-cv-0603-D, 2010 WL 3565415, at *5, n.6 (N.D. Tex. Sept. 7, 2010) (Fitzwater, C.J.).

As with Plaintiff's anticipatory breach claim, Defendants have failed to carry their summary judgment burden as to the TDCA claim, arguing only that "Plaintiff's claims are bare allegations[, and that] Plaintiff has presented no evidence on its claim for violation of the [TDCA]."[11]  (Defs.' Br. 19.)  Thus, in determining whether genuine issues of material fact exist as to the TDCA claim, the Court assumes that Plaintiff's factual allegations concerning this claim are true and supported by competent summary judgment evidence.

Plaintiff first argues that Defendants misrepresented the amount of his debt by improperly charging Plaintiff for force-placed insurance, and then failing to fully refund the charges.  The deed of trust requires Plaintiff to maintain homeowners insurance on his house and permits Defendants to obtain and charge Plaintiff for insurance if Plaintiff fails to maintain any of the coverages described in the deed of trust.  (Pl.'s App. 16, ¶ 5.)  Plaintiff alleges that he already had insurance on his home when Defendants began charging his account for force-placed insurance in 2008, that he had to call Defendants numerous times and send them proof of insurance before Defendants stopped charging his account, and that by the time the force-placed insurance was canceled, Defendants had charged Plaintiff late fees on the amount due for the insurance.  Plaintiff further alleges that Defendants again began charging him for force-placed

---

[11] In their Reply, Defendants argue that Plaintiff failed to mention force-placed insurance charges in his response to an interrogatory asking him to identify any unauthorized fees, charges, or expenses charged to his loan account. Defendants did not point to this evidence in their initial Brief, and did not include it in their Appendix.  The Court will not consider arguments or evidence raised for the first time in a reply brief.  *See Steele v. Green Tree Servicing, LLC*, No. 3:09-cv-0603-D, 2010 WL 3565415, at *7 (N.D. Tex. Sept. 7, 2010) (Fitzwater, C.J.) (citing *Jacobs v. Tapscott*, 3:04-cv-1968-D, 2006 WL 2728827, at *7 (N.D. Tex. Sept. 25, 2006) (Fitzwater, J.), *aff'd*, 277 F. App'x 483 (5th Cir. 2008)).

insurance in 2009, and that it again required several phone calls and his sending proof of his insurance to make the charges stop. Finally, Plaintiff alleges that Defendants did not credit all the charges or late fees associated with the force-placed insurance.

Assuming the truth of these allegations, as the Court must in this situation, Defendants are not entitled to summary judgment on this claim. Although Plaintiff does not specify the amount or date of the force-placed insurance charges, the Court must accept as true his factual allegation that he held his own insurance on the home when Defendants added the charges to his account. Likewise, although Plaintiff does not specifically allege that the insurance he had was sufficient to satisfy the requirement in the deed of trust, so that Defendants' right to impose force-placed insurance was not triggered, the Court must draw the reasonable inference that it was such a policy. Therefore, Plaintiff's allegations, taken as true, raise a genuine issue of material fact that Defendants misstated the amount owed on Plaintiff's mortgage account, and in so doing, made a false or misleading assertion as to the amount of a consumer debt.

The Court therefore **DENIES** summary judgment for Defendants on Plaintiff's TDCA claim.[12]

4.      Negligent Misrepresentation

The Court turns next to Plaintiff's claim for negligent misrepresentation.

The elements of a negligent misrepresentation claim under Texas law are as follows: (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplied "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or

---

[12] In their Motion, Defendants also argued that, because Plaintiff cannot prevail on any of his TDCA claims, he could not recover damages under § 17.50 of the Texas Deceptive Trade Practices Act ("DTPA"). Because the Court denies summary judgment on the TDCA claim, Defendants' argument as to damages available under the DTPA is without merit.

competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation. *First Nat. Bank of Durant v. Trans Terra Corp. Intern.*, 142 F.3d 802, 809 (5th Cir. 1998) (quoting *Fed. Land Bank Ass'n v. Sloan*, 825 S.W.2d 439, 442 (Tex. 1991)). Defendants argue that the allegations giving rise to Plaintiff's negligent misrepresentation claim sound in contract only, and may not be maintained as an independent tort claim.[13]

The acts of a party to a contract may breach duties in tort or contract alone, or breach duties in both. *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986). As the Texas Supreme Court has explained, "[t]ort obligations are in general obligations that are imposed by law—apart and independent of promises made." *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991). Thus, "if the defendant's conduct . . . would give rise to liability independent of the fact that a contract exists between the parties, the plaintiff's claims may also sound in tort." *Id.* If, however, "the defendant's conduct . . . would give rise to liability only because it breaches the parties' agreement, the plaintiff's claim sounds only in contract." *Id.* In conducting this inquiry, courts will also examine the nature of the injury. *Id.* In order to recover for a claim of negligent misrepresentation, an injury independent from the subject matter of the contract must be proven. *D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.*, 973 S.W.2d 662, 663–64 (Tex. 1998) (per curiam) (citing *Fed. Land Bank Ass'n*, 825 S.W.2d at 442–43); *accord Nazareth Int'l, Inc. v. J.C. Penny Corp.*, No. 3:04-cv-1265-M, 2005 WL 1704793, at *8 (N.D. Tex. July 19, 2005) (Lynn, J.).

Here, the injuries claimed by Plaintiff in connection with his negligent misrepresentation claim are only for economic loss to the subject matter of his contract with Defendants. Plaintiff

---

[13] Because this argument is not based on the absence of evidence or negation of an element of Plaintiff's claim, but instead seeks summary judgment solely based on Plaintiff's ability to maintain this claim as a matter of law, it is irrelevant whether Defendants have met their burden under *Celotex*.

claims that Defendants' alleged misrepresentations resulted in the increase of his mortgage payments and excess interest and penalty fees. (Pl.'s Br. 16, ¶ 45.) Such injuries are in no way independent of the subject matter of the deed of trust or note, and so Plaintiff cannot recover for a tort of negligent misrepresentation. Thus, Plaintiff cannot establish a genuine issue of material fact regarding his negligent misrepresentation claim, and the Court therefore **GRANTS** summary judgment for the Defendants on that claim.

　　　　5.　　　Unreasonable Collection Efforts

Defendants also seek summary judgment on Plaintiff's claim for unreasonable collection efforts.

Under Texas law, "[u]nreasonable collection is an intentional tort." *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868 (Tex. App.—Dallas 2008, no pet.). "[T]he elements are not clearly defined and the conduct deemed to constitute an unreasonable collection effort varies from case to case." *Id.* Generally speaking, however, to recover on such a claim, a plaintiff must prove that "[a] defendant['s] debt collection efforts 'amount to a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm.'" *Steele v. Green Tree Servicing, LLC*, No. 3:09-cv-0603-D, 2010 WL 3565415, at *6 (N.D. Tex. Sept. 7, 2010) (Fitzwater, C.J.) (quoting *EMC Mortg.*, 252 S.W.3d at 868−69). Plaintiff advances theories of unreasonable collection efforts based on the force-placed insurance charges and Defendants' refusal to provide Plaintiff with the opportunity to cure his default or contest the amount owed.[14] Defendants merely argue, without citations to the record, that Plaintiff has offered no evidence "that Defendants harassed or intimidated him in any way, or gave him false information about the Loan[, and] has presented no evidence on the elements of its claim for . . . unreasonable

_____

[14] In his Response, Plaintiff also argues that "the foreclosure" was an unreasonable collection effort. However, there was no foreclosure in this case, so foreclosure cannot create a fact issue as to this claim. *See Hicks v. Chase Home Fin. LLC*, No. 3:09-cv-1652-G, 2010 WL 4274745, at *8 (N.D. Tex. Oct. 21, 2010) (Fish, J.).

collection efforts." (Defs.' Br. 23.) Thus, Defendants again have failed to carry their burden under *Celotex*, and the Court must evaluate the legal sufficiency of Plaintiff's allegations, taken as true.

Plaintiff argues that by improperly applying force-placed insurance and late fees to his account, Defendants attempted to collect a debt they were not owed. Texas courts have found debt collection efforts tortious when lenders attempted to collect debts they were not owed. *E.g.*, *EMC Mortg.*, 252 S.W.3d at 868–69; *Pullins v. Credit Exch. of Dall., Inc.*, 538 S.W.2d 681, 682–83 (Tex. Civ. App.—Waco 1976, no writ); *but see Montgomery Ward & Co. v. Brewer*, 416 S.W.2d 837, 844 (Tex. Civ. App.—Waco 1967, writ ref'd n.r.e.). The Texas cases in which plaintiffs have successfully asserted or proved unreasonable collection efforts based on the lender's collection of a debt not owed have involved debts that were fully paid or discharged. *See Pullins*, 538 S.W.2d at 682–83. Courts in this district have recently distinguished cases where, as here, the plaintiff still owes money to the lender, although the plaintiff disputes the amount of that debt. *Steele*, 2010 WL 3565415, at *6 ("While the precise sum the [plaintiffs] owed is in dispute, a reasonable trier of fact could only find that the [plaintiffs] were in default."); *Mitchell v. Chase Home Fin. LLC*, 3:06-cv-2099-K, 2008 WL 623395, at *6 (N.D. Tex. March 4, 2008) (Kinkeade, J.) (distinguishing that case from *Pullins* because the plaintiffs "were, and continue to be, in default on their mortgage loan."); *see also Hicks v. Chase Home Fin. LLC*, No. 3:09-cv-1652-G, 2010 WL 4274745, at *8 (N.D. Tex. Oct. 21, 2010) (Fish, J.) (noting that, unlike the situation in *EMC Mortgage*, the plaintiffs did not make timely monthly payments). Plaintiff has admitted that he did not make all required payments under the note. (Pl.'s Resp. Defs.' Reqs. Admis. 3, at Defs.' App. 143.)

Furthermore, even if Plaintiff were not in default except for amounts charged for force-

placed insurance, Plaintiff has failed to allege any facts that Defendants' actions amount to a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm. *See Steele*, 2010 WL 3565415, at *6; *Hicks*, 2010 WL 4274745, at *8; *Bray v. Cadle Co.*, No. 4:09-cv-663, 2010 WL 4053794, at *19 (S.D. Tex. Oct. 14, 2010). At most, Plaintiff's allegations, if true, would establish negligence on the part of Defendants in incorrectly charging him for force-placed insurance. However, evidence of negligence is insufficient to support a cause of action for unreasonable collection efforts. *Vanderbilt Mortg. & Fin., Inc. v. Flores*, --- F. Supp. 2d ----, 2010 WL 4226443, at *15 (S.D. Tex. Oct. 20, 2010).

Defendants' evidence concerning force-placed insurance charges to his account does not create a fact issue for an unreasonable collection efforts claim.

Plaintiff also points to Defendants' refusal to provide Plaintiff with the opportunity to cure his default or contest the amount owed. Plaintiff has not provided any authority, and the Court is aware of none, supporting the proposition that the failure to provide information is a collection effort. Thus, Plaintiff's allegations do not create a fact issue for trial on his unreasonable collection claim for failure to provide information.

Plaintiff has not provided sufficient evidence to show a genuine issue of material fact as to his claim for unreasonable collection efforts. Summary judgment is therefore **GRANTED** for Defendants on this claim.

     6.     Declaratory Judgment

Defendants also move for summary judgment on Plaintiffs' request for a declaratory judgment. In the Petition, under the heading "Declaratory Judgment," Plaintiff requests a declaratory judgment that Plaintiff has not materially breached the deed of trust. In the Petition's prayer, however, Plaintiff asks the Court to declare that the acceleration of the loan was

wrongful. Reading these two provisions together, the Court reads Plaintiff's Petition to request a declaration that Plaintiff did not breach the deed of trust, and therefore, Defendants were wrong to accelerate payment of the note. Defendants argue that Plaintiff's request for a declaratory judgment is duplicative of his breach of contract claim. The Court agrees. Plaintiff's request for declaratory judgment is redundant, and the Court declines to consider it. *See Steele*, 2010 WL 3565415, at *10 (citing *Kougl v. Xspedius Mgmt. Co. of DFW, L.L.C.*, No. 3:04-cv-2518-D, 2005 WL 1421446, at *4 (N.D. Tex. June 1, 2005) (Fitzwater, J.) (dismissing as redundant a declaratory judgment claim seeking contract interpretation that would be resolved as part of a breach of contract action)). Therefore, summary judgment is **GRANTED** for Defendants on this claim.

    7.      Accounting

    Finally, the Court turns to Plaintiff's request for an accounting. Plaintiff seeks an accounting of "all transactions on his mortgage loan." (Pl.'s Pet. 8, ¶ 32.) Defendant moved for summary judgment on this claim, arguing that an accounting is a remedy, not a cause of action, and because Plaintiff is not entitled to prevail on any of his claims, he cannot receive the remedy of an accounting. The Court has denied Defendants summary judgment on Plaintiff's TDCA claim, and, therefore, Plaintiff may be entitled to an accounting to the limited extent relevant to his TDCA claim based on charges for force-placed insurance. Thus, Defendants' motion for summary judgment as to Plaintiff's request for an accounting is **DENIED** only so far as it applies to an accounting of charges for force-placed insurance, and is otherwise **GRANTED**.

                                      **Conclusion**

    For the reasons described above, Defendant's Motion for Summary Judgment is **GRANTED** in part and **DENIED** in part. Summary judgment is granted for Defendants on

Plaintiff's claims for breach of contract, anticipatory breach of contract, negligent misrepresentation, unreasonable collection efforts, and declaratory judgment. Summary judgment is denied on Plaintiff's claim under § 392.304(a)(8) of the TDCA, and on his request for an accounting to the limited extent the accounting is relevant to the remaining TDCA claim.

**SO ORDERED**.

December 29, 2010.

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**